

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

May 4, 1960

Major General K. L. Berry
The Adjutant General of Texas
P. O. Box 5218, West Austin Station
Austin 31, Texas

Opinion No. WW-837

Re: Authority to obtain group
insurance for a class of
individuals referred to as
"Army National Guard Tech-
Dear General Berry: nicians."

You have asked, by your letter of March 15, 1960,
whether Army National Guard Technicians who are paid from
federal funds are State employees. You state that this
opinion is desired in connection with an effort to write
group insurance for this class of individuals.

Section 1, Article 3.50 of the Insurance Code states
that:

"No policy of group life insurance
shall be delivered in this State unless
it conforms to one of the following des-
criptions:

". . .

"(3) A policy issued to an incor-
porated city, town, or village, an inde-
pendent school district, State colleges
or universities, any association of
State employees, any association of State,
County and City, town or village employees,
and any association of any combination of
State, County or City, town or village
employees, and any Department of the State
Government . . ."

Article 3.51 provides in part:

"Sec. 1. The State of Texas and each
of its political, governmental and admin-
istrative subdivisions, departments, agen-
cies, association of public employees, and
the governing boards and authorities of each
State university, college, common and inde-
pendent school districts or of any other
agency or subdivision of the public school
system of the State of Texas are authorized
to procure contracts insuring their respect-
ive employees or any class or classes there-
of under a policy or policies of group
health, accident, accidental death and dis-
memberment, and hospital, surgical, and/or
medical expense insurance. . . ."

The employees in question are Army National Guard
technicians and they receive their compensation directly
from the Federal Government.

National Guard Regulation No. 51, Section I, para-
graph 4 provides that the "technicians are considered State
employees" but are entitled to certain specified benefits.
However, the State of Texas is not bound by this designation
by the National Guard. Section I, paragraph 2 of National
Guard Regulation No. 51 provides:

"2. Authority. Army National Guard tech-
nicians referred to in these regulations are
employees authorized under the provisions of
title 32, United States Code, Section 709, for
administrative and accounting duties, mainten-
ance, repair and inspection of material, arma-
ment, vehicles, and equipment provided for the
Army National Guard and used solely for military
purposes. The Secretary of the Army has dele-
gated to the adjutants general of the several
States, Territories, Puerto Rico, and the
District of Columbia, the authority to employ,
fix rates of pay, establish duties and work
hours (a minimum of 40 hours per week), super-
vise, and discharge employees within the purview
of these regulations, subject to the provisions
of law and such instructions as may from time to
time be issued by the Chief, National Guard
Bureau. (21 Comp. Gen. 305.)" (Emphasis ours.)

We quote from United States v. Holly, 192 F. 2d 221 (C. C. A. 10th, 1951) which held that a person who was employed as a caretaker or technician assigned to a State National Guard unit was an employee of the United States within the meaning of provisions of the Federal Tort Claims Act:

"Thus the Federal statute creates the position of unit caretaker and generally outlines the duties. The pay for these services is wholly from Federal funds. The regulations define the duties and responsibilities in detail. The maximum pay scales are fixed by the Secretary of the Army, while actual rates of pay, within the limits fixed by regulation, are eatablished by the State Adjutant General by virtue of the delegation of that power from the Secretary of the Army. The primary duties of the caretakers are the care and maintenance of Federal property assigned to the National Guard for military purposes. Through the State Adjutant General, the Secretary of the Army and the Chief of the National Guard Bureau have complete control over the work of the caretaker, including his employment and discharge. The federal government maintains a reasonable measure of direction and control over the method and means of a caretaker's performing his service. There is present every element necessary to constitute a unit caretaker an employee of the United States. The fact that under the regulations the caretaker must be a member of the National Guard and perform duties for the state is immaterial. . . ."

Using the same line of reasoning as was used by the Court in United States v. Holly, supra, we are of the opinion that the individuals in question here are not State employees.

## SUMMARY

Army National Guard technicians employed pursuant to Title 32, United States Code, Section 709, are not State employees within the meaning

Major General K. L. Berry, Page 4, (WW-837)

of Articles 3.50 and 3.51 of the
Insurance Code.

Yours very truly,

WILL WILSON
Attorney General of Texas

By William H. Pool, Jr.
William H. Pool, Jr.
Assistant Attorney General

WHPjr:mm

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman

Wallace Finfrock
John Reeves
Marietta McGregor Payne
Marvin F. Sentell

REVIEWED FOR THE ATTORNEY GENERAL

BY:  Leonard Passmore